UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------
IN RE:                                              )        Chapter 7
                                                    )
MICHAEL S. GOLDBERG, LLC, and                       )        Case No. 09-23370 (ASD
MICHAEL S. GOLDBERG,                                )        Case No. 09-23371 (ASD)
                                                    )        (Jointly Administered Under
   DEBTORS.                                         )        CASE NO. 09-23370)
                                                    )
                                                    )        Re: ECF NO. 1210
---------------------------------------------------

# MEMORANDUM ORDER ON MOTION FOR STAY
# PENDING APPEAL

On November 26, 2013, the Movants filed in these jointly administered cases a Notice of Appeal, ECF No. 1208, with respect to certain Rule 2004 Orders entered by the Court on November 19, 2013 (hereinafter, the "Rule 2004 Orders"). ECF Nos. 1199 thru 1202.[1] Presently before the Court, after a hearing held January 2, 2014 (hereinafter, the "Hearing"), is the *Motion for Stay Pending Appeal* (hereinafter, the "Stay Motion"), ECF No. 1210, filed by Sally LaBonte and Joseph W. Sparvari, Jr. as trustee and former trustee, respectively, of The Scott A. LaBonte Dynasty Trust, and Sally LaBonte and Scott A. LaBonte, as trustees for The Scott A. LaBonte Revocable Trust (heretofore and hereinafter, collectively, the "Movants") and the Chapter 7 Trustee James Berman's (hereinafter, the "Chapter 7 Trustee") *Objection to LaBonte Trustees' Motion for Stay Pending Appeal* (hereinafter, the "Objection"), ECF No. 1224.[2] In the Stay Motion, the

---

[1] The Rule 2003 Orders entered following the Court's November 18, 2013, entry of a margin order overruling the Movants' *Objection to Ex Parte Motions for Orders Authorizing Examinations Pursuant to Rule 2004*, *ECF No.* 1198, following a hearing held November 14, 2013.

[2] The Motion in its caption includes, *inter alia*, reference to the instant jointly administered cases, but also includes reference to "*James Berman, Chapter 7 Trustee for Michael S. Goldberg, LLC, et al., Plaintiffs, v. Michael S. Goldberg LLC, et al., Defendants,*" Adversary Proceeding No. 10-2082." Notwithstanding the Motion's caption, it was properly docketed in, and heard in connection with, the jointly administered cases.

Movants ask this Court to stay the Rule 2004 Orders pending the disposition of the appeal.

The Stay Motion is governed by a multi-factored analysis distilled by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Under that analysis, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

For the reasons stated and summarized by counsel for the Chapter 7 Trustee at the Hearing, Tr. at 11:58:15 thru 12:00:55,[3] as more particularized in the Objection, pp.6 -13, ¶¶ 20 - 42, adopted herein by the Court as its own reasoning for purposes of this ruling, the Court finds and determines that the Movants have failed to meet their burden of establishing entitlement to an appellate stay under the *Hilton v. Braunskill* standards. More specifically, the Movants have not made a "strong showing that [they are] likely to succeed on the merits," and have failed to establish the "irreparable injury"[4] necessary to entitle them to the relief they seek. The Court also finds that issuance of a stay would "substantially injure" the bankruptcy estates of these jointly administered cases, and that the public interest favors permitting the Rule 2004 examinations to proceed.

---

[3]At the Hearing, counsel for the Chapter 7 Trustee did not address the claim in the Stay Motion that the purpose of the Rule 2004 Motions "was to harass Scott Labonte and his family" Stay Motion, p. 5, ¶16. In connection with the matters related to these cases and related proceedings, counsel for the parties have aggressively, vigorously and competently challenged each others positions, but not at a level indicative of intentional harassment.

[4]While the Movants argued at the Hearing and in the Stay Motion that they had satisfied each of the four *Hilton v. Braunskill* factors, counsel for the Movants emphasized at the Hearing that the Movants would be "irreparably injured absent a stay," stating "[o]ur position is that if the stay isn't granted then obviously our appeal is moot, and that's pretty much our argument." Tr. 11:57:10. On this issue, the Court finds persuasive, and as already stated herein has adopted, the Chapter 7 Trustee's argument in the Objection, *see* pp.10 -11, ¶¶ 35 - 36.

In accordance with the above,

**IT IS HEREBY ORDERED** that the Stay Motion is **DENIED**, and the Objection is **SUSTAINED**.

Dated: January 22, 2014                                      BY THE COURT

                                                  Albert S. Dabrowski
                                                  Chief United States Bankruptcy Judge