# FEE APPLICATION COVER SHEET

Interim/Final Fee Application of: Neligan, LLP

Time Period:  From: August 21, 2018    To: June 28, 2019

Bankruptcy Petition Filed: November 18, 2009

Date of Entry of Retention Order: September 19, 2018

**Amount Requested**

Fees      $22454.03
Expenses  $1591.73
**Total   $24045.76**

**Reductions**

Voluntary Fee Reductions  $3212.47
Expenses                  $0.00

**Retainer Request:**

Retainer Received           $0.00
Prior award applied         $0.00
Balance before this request $0.00

**Expense Detail:**

Retainer Received               $0.00
Prior award applied             $0.00
Balance before this request     $0.00
Copies per page cost and total  $0.00

**Hours and Rates per professional:**

Hours 1.2    Rate $625.00

Hours 50.7   Rate $395.00

Hours 32.6   Rate $150.00

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------X
In re:                                                                    :          Chapter 7
                                                                              :
MICHAEL S. GOLDBERG, L.L.C.                       :
MICHAEL S. GOLDBERG                                  :          Substantively Consolidated
                                                                              :          Lead Case No. 09-23370 (JAM)
                    Debtors                                           :          Member Case No. 09-23371 (JAM)
                                                                              :
-------------------------------------------------------X

### INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO NELIGAN, LLP COUNSEL TO JAMES BERMAN, CHAPTER 7 TRUSTEE

Pursuant to 11 U.S.C. §§ 330 and 331, James Berman, Chapter 7 Trustee for the Estate of Michael S. Goldberg, LLC and Michael S. Goldberg (the "Trustee"), the duly appointed Chapter 7 trustee in the for the substantively consolidated bankruptcy estate of Michael S. Goldberg, LLC and Michael S. Goldberg (the "Estate") herein submits the following application (the "Application") for interim compensation and reimbursement of necessary expenses incurred by Neligan, LLP (the "Applicant" or "Neligan") as counsel to the Trustee. The Applicant seeks, for the period from August 21, 2018, through and including June 28, 2019 (the "Application Period"), an award of compensation for services rendered in the amount of $22,454.03, which includes a voluntary reduction in fees in the amount of $3,212.47,[1] together with the reimbursement of necessary and actual out-of-pocket expenses incurred in the amount of $1,591.73, for a total amount of $24,045.76. In support thereof, the Trustee respectfully represents the following:

---

[1] The fees requested do not include charges reflected on Neligan's invoice for any work prior to August 21, 2019, which total $750.00.

1. The Applicant is law firm with offices in Dallas, Texas and has experience with and expertise in Texas debtor and creditor law, including the collection of judgments, and bankruptcy law. The lead attorney for the Applicant is Douglas J. Buncher, a partner with the Applicant with approximately twenty-five years of experience debtor and creditor law in Texas, including collecting and executing upon judgments. Seymour Roberts, Jr., a partner with the Applicant, performed most of the services on behalf of the Trustee. The Trustee selected the Applicant because Trustee's primary counsel, Zeisler & Zeisler, P.C., does not have offices in Texas, and Applicant is well-qualified to the Trustee concerning these matters.

2. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or related to this matter. The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Fed. R. Bankr. P. 2016.

3. As set forth more fully below, the Applicant has rendered professional services to the Trustee during the administration of this Chapter 7 case. The Applicant has also annexed to this Application its time records as **Exhibit A**. The Applicant maintains its time records in six-minute intervals (tenths of an hour). A detailed description of the nature and amount of disbursements incurred in the performance of the Applicant's duties as counsel to the Debtor is part of **Exhibit A**.

4. This Court has jurisdiction to consider this Application pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

5.  Venue is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

6.  This is a core proceeding pursuant to Section 157(b)(2)(A) of the United States Code.

7.  The statutory basis for the relief requested herein is §§ 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), Fed. R. Bankr. P. 2016(a) and D.Conn. LBR 2016-1.

## BACKGROUND

8.  On November 18, 2009, certain petitioning creditors filed involuntary petitions for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., against Michael S. Goldberg and Michael S. Goldberg, LLC, d/b/a Acquisitions Unlimited Group (collectively, the "Debtors"). On November 24, 2009, the Bankruptcy Court entered the Orders for Relief in the Debtors' cases. Thereafter, by Orders each dated January 11, 2010, the Bankruptcy Court confirmed the election of James Berman as the Trustee, with the authority and power to commence actions under, *inter alia*, Bankruptcy Code §§ 544, 547, 548 and 550 seeking the return of preferential and fraudulent transfers for distribution to the creditors of the Debtor's estate.

9.  Pursuant to this authority and power, the Trustee commenced the adversary proceeding (the "Adversary Proceeding") captioned James Berman, Chapter 7 Trustee v. Carolyn Sweeten Houston and Baty Houston, Jr. as Co-Trustees for the Houston Living Trust, Adv. Pro. No. 11-02165 (Bankr. D. Conn.) against Carolyn Sweeten Houston and Baty Houston,

Jr. in their capacities as Co-Trustees for the Houston Living Trust (collectively, the "Trust"), seeking the return of fraudulent and preferential transfers that the Trust received from the Debtors, totaling $401,000.00.

10. On June 6, 2013, this Court entered a default judgment (the "Judgment") against the against Carolyn Sweeten Houston ("Sweeten") and Baty Houston, Jr. ("Houston" and together with Sweeten, the "Trustees") in their capacities as Co-Trustees for the Houston Living Trust (collectively, the "Trust") in the amount of $401,000.00 in the Adversary Proceeding. The Trust has not paid any part of the Judgment.

11. On September 19, 2018, this Court entered an Order (the "Employment Order") (Doc. No. 1546) approving the employment of the Applicant *nunc pro tunc* to the date that the Application to Employ the Applicant was filed (August 21, 2018). The Court ordered that the scope of the Applicant's retention was as follows:

> Neligan will render the following professional services to the Trustee:
> • representing the Trustee as primary counsel in the collection of the Judgment;
> • conducting an investigation and any discovery necessary to collect the Judgment;
> • executing upon any property of the Trust and taking all necessary actions regarding such execution; and
> • assisting the Trustee's counsel on matters involving Texas law as it relates to the collection of the Judgment.

(Employment Order, ¶ 3.)

12. This Court also approved the following with respect to compensation and reimbursement of expenses of the Applicant:

> As set forth in the Application, Neligan will be compensated based upon the time spent in rendering legal services at the same customary hourly rates that Neligan charges its other clients for similar work. Neligan's attorneys will maintain billing

4

records setting forth complete and detailed activity descriptions, including a time allotment billed in increments of one-tenth of an hour. Each activity will include a description of the type and subject matter of the activity undertaken, and activity descriptions will not be lumped together. Activity descriptions will be presented chronologically within each project category. In addition, Neligan will be reimbursed, subject to this Court's approval, for all reasonable expenses for rendering the aforementioned legal services. Neligan will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services. Neligan will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Rules, Local Rules, and the orders of this Court. The fees incurred by Neligan shall be reviewed only to the extent permitted by § 328(a) and are not reviewable under the standard set forth in § 330(a)
.

(Id., ¶ 5.)

13. The Employment Order also provided that Neligan's fees and expenses could not exceed $10,000.00, without prejudice to the Trustee filing a supplemental application to increase or modify Neligan's retention. The Trustee has filed an Application to Increase Compensation Payable to Neligan LLP as Counsel for the Trustee (Doc. No. 1707), concurrently herewith.

14. During the Application Period, Neligan located the Trustees, domesticated the Judgment in Texas state court, and served extensive post-judgment discovery upon them, seeking the disclosure of assets. As Neligan discovered that the Trust was a revocable trust, and therefore, not a separate entity for the purposes of collection, discovery was sought regarding the Trustees' individual assets.

15. Sweeten then filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the case captioned, In re Carolyn Sweeten Houston, Case No. 18-42809 (Bankr. E.D. Tex.) (the "Sweeten Bankruptcy"). Neligan prepared and filed a proof of claim on

the Trustee's behalf based upon the Judgment. Also, after consultation with the trustee of the Sweeten Bankruptcy, the Trustee is informed and believes that the Sweeten Bankruptcy trustee will pursue a fraudulent transfer action against Sweeten's son and/or his trust, to whom Sweeten transferred a Note made by Houston in the amount of $125,000.00 for no consideration.

16. Houston has responded to the post-judgment discovery served upon him. However, his responses were woefully deficient. Neligan intends to pursue a motion to compel against him. However, from the information that Neligan has discovered until this point, the Trustee is informed and believes that there is likely a claim against Houston based upon the purchase of real property using the proceeds of the Ponzi scheme operated by the Debtors. The Trustee expects that Neligan will be able to bring an action against Houston to recover said property or the value thereof.

## Case Status

17. As of the filing of this Application, the Trustee has recovered over $19 million of money and other property for the Estate in the seven and a half years he has been pursuing recoveries.

18. Thus far, the Trustee has made a 27.5% First Interim Distribution to unsecured creditors.

## Application Request

19. This Application seeks compensation in the amount of $22,454.03 for services rendered during the Application Period. The Applicant's services provided in this case in the

performance of its duties as counsel to the Trustee are summarized in the fully detailed in the invoices attached hereto as **Exhibit A**.

20.     The Applicant's invoices reflect the name of each attorney working on a particular matter, the time spent by the attorney, and the nature of the work performed. These records were made contemporaneously with the rendition of services provided by the Applicants' attorneys. The time spent on each individual matter was kept to a minimum and there was no duplication of services. The Applicant's compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11. The hourly rates and names of professionals billing time on this matter are as follows:

| Professional | Hourly Rate | Hours |
| --- | --- | --- |
| Douglas J. Buncher | $625 | 1.2 |
| Seymour Roberts, Jr. | $395 | 50.7 |
| Ruth Clark | $150 | 32.6 |

21.     The Applicant also seeks the reimbursement of expenses it advanced for the same period of time in the amount of together with the reimbursement of necessary and actual out-of-pocket expenses incurred in the amount of $1,591.73. **Exhibit A** includes a detailed list of the disbursements incurred by the Applicant in connection with the above-described services, including the date incurred, description, and method of computation. No travel expenses are included that are applicable to more than one case. Expenses incurred by the applicant to third parties are limited to the actual amounts billed to, or paid by, the applicant on behalf of the Estate. The Trustee submits

that the expenses are reasonable and economical under the circumstances of this case. Such expenses are customarily charged to non-bankruptcy clients of the Applicant.

22. This is the first interim application seeking for the allowance of compensation and reimbursement filed on behalf of the Applicant.

23. After review, the Applicant has approved the amount sought by in the Application. It is, therefore, respectfully submitted that the fees and expenses sought in this matter were reasonable and necessary in the representation of the Trustee and the Estate under the circumstances presented in this case. Thus, the Applicant should be awarded and allowed compensation for its fees and the reimbursement of expenses in the amounts requested herein.

**WHEREFORE**, it is respectfully requested that the Court authorize and allow the Applicant an interim award of compensation for services rendered together with the reimbursement of necessary and actual out-of-pocket expenses expended by the Applicant on behalf of the Trustee, and to grant the Applicant such further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of July, 2019.

                JAMES BERMAN, CHAPTER 7 TRUSTEE

By: /s/ John L. Cesaroni
     John L. Cesaroni (ct29309)
     ZEISLER & ZEISLER, P.C.
     10 Middle Street
     15th Floor
     Bridgeport, CT  06604
     Tel. 203-368-4234
     Fax 203-367-9678
     Email: jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------X
|   |   |
|---|---|
| In re: | : Chapter 7 |
|   | : |
|   | : Substantively Consolidated |
| MICHAEL S. GOLDBERG, LLC | : Lead Case No. 09-23370 (JAM) |
| MICHAEL S. GOLDBERG | : Member Case No. 09-23371 (JAM) |
|   | : |
| Debtors. | : |
|   | : |

-------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 3rd day of July, 2019, the *Interim Application for Allowance of Compensation and Reimbursement of Expenses to Neligan LLP Counsel to James Berman, Chapter 7 Trustee, Exhibit A, and proposed Order* were sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

                                                   JAMES BERMAN, CHAPTER 7 TRUSTEE

                                                   By: /s/ John L. Cesaroni
                                                        John L. Cesaroni (ct29309)
                                                        ZEISLER & ZEISLER, P.C.
                                                        10 Middle Street
                                                        15th Floor
                                                         Bridgeport, CT  06604
                                                        Tel. 203-368-4234
                                                        Fax 203-367-9678
                                                         Email: jcesaroni@zeislaw.com