**FEE APPLICATION COVER SHEET**

Interim/Final Fee Application of: Zeisler & Zeisler, P.C.

Time Period:  From: September 1, 2017   To: June 30, 2019

Bankruptcy Petition Filed: November 18, 2009

Date of Entry of Retention Order: January 22, 2010

**Amount Requested**

Fees      1,646,930.5
Expenses  $49945.39
**Total    1,696,875.44**

**Reductions**

Voluntary Fee Reductions  $41283.50
Expenses                  $0.00

**Retainer Request:**

Retainer Received           $0.00
Prior award applied         $0.00
Balance before this request $0.00

**Expense Detail:**

Retainer Received            $0.00
Prior award applied          $0.00
Balance before this request  $0.00
Copies per page cost and total $5177.24
@ $0.20/page

**Hours and Rates per professional:**  See attached.

Hours _____   Rate _____

**TIMEKEEPER SUMMARY**

| Timekeeper | Hours | Rate | Fees |
|---|---:|---:|---:|
| Accurso, D | 54.3 | 195 | 10,588.50 |
| Accurso, I | 106.8 | 195 | 20,824.05 |
| Blau | 401.3 | 275 | 110,357.50 |
| Blau | 159.6 | 300 | 47,880.00 |
| Cesaroni | 132.7 | 300 | 39,810.00 |
| Cesaroni | 463.6 | 325 | 150,670.00 |
| Cesaroni | 277.2 | 335 | 92,862.00 |
| Henzy | 173.6 | 475 | 76,427.50 |
| Horwitt | 875.3 | 495 | 428,422.50 |
| Joseph | 8.1 | 185 | 1,498.50 |
| Joseph | 7.2 | 190 | 1,368.00 |
| Joseph | 6.5 | 195 | 1,267.50 |
| Kindseth | 26.3 | 425 | 11,177.50 |
| Kindseth | 45.6 | 450 | 20,520.00 |
| Kornafel | 23.1 | 300 | 6,930.00 |
| Linsey | 96.8 | 330 | 31,944.00 |
| Linsey | 30.3 | 350 | 10,605.00 |
| Moriarty | 91.5 | 400 | 36,600.00 |
| Moriarty | 910.5 | 420 | 382,410.00 |
| Moriarty | 262.0 | 425 | 111,350.00 |
| O'Brien | 0.1 | 185 | 18.50 |
| O'Brien | 1.6 | 190 | 304.00 |
| O'Brien | 20.0 | 195 | 3,900.00 |
| Romney | 2.5 | 400 | 1,000.00 |
| Romney | 113.4 | 425 | 48,195.00 |
| **TOTALS** | **4,289.9** | | **1,646,930.05** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------X
                                                         :    Chapter 7
In re:                                                   :
                                                         :    Substantively Consolidated
MICHAEL S. GOLDBERG, LLC                                 :    LEAD CASE No. 09-23370 (JAM)
MICHAEL S. GOLDBERG                                      :    MEMBER CASE No. 09-23371 (JAM)
                                                         :
            Debtors.                                     :
                                                         :
---------------------------------------------------------X

**SEVENTH INTERIM FEE APPLICATION OF ZEISLER & ZEISLER, P.C., COUNSEL TO JAMES BERMAN, THE CHAPTER 7 TRUSTEE, SEEKING COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS FOR THE PERIOD SEPTEMBER 1, 2017 THROUGH JUNE 30, 2019**

Pursuant to 11 U.S.C. §§ 330 and 331, James Berman, Chapter 7 Trustee for the Estate of Michael S. Goldberg, LLC and Michael S. Goldberg (the "Trustee"), the duly appointed Chapter 7 trustee for the substantively consolidated bankruptcy estate (the "Estate") of Michael S. Goldberg, LLC ("LLC") and Michael S. Goldberg ("Mr. Goldberg" and together with LLC, the "Debtors") herein submits the following seventh application (the "Application") for interim compensation and reimbursement of necessary expenses incurred by Zeisler & Zeisler, P.C. (the "Applicant" or "Z&Z") as counsel to the Trustee. The Applicant seeks, for the period from September 1, 2017, through and including June 30, 2019 (the "Fee Period"),[1] an award of compensation for services rendered in the amount of $1,646,930.50, together with the reimbursement of necessary and actual out-of-pocket expenses incurred in the amount of $49,945.39, for a total amount of $1,696,875.44. The Applicant has made voluntary reductions to its fees in the amount of $41,283.50. In support of this Application, the Trustee incorporates

---

[1] The Applicant also seeks an award of the fees incurred in preparing its Application through July 3, 2019.

1

herein, and attaches as **Exhibit A**, the Chapter 7 Trustee's Status Report (the "Status Report"), filed concurrently herewith, and further represent the following:[2]

## I. BACKGROUND

1. The Debtors' bankruptcy was commenced as two involuntary chapter 7 cases pursuant to petitions filed against the Debtors on November 18, 2009. These petitions were filed by creditor-victims holding approximately $12 million of claims and who, along with other major creditors the Applicant has been consulting with throughout the Fee Period and, in fact, the length of the Bankruptcy Case, comprise almost two-thirds (2/3) of the total claims in this case. The involuntary petitioning creditors had sued Mr. Goldberg in state court for fraud arising out of what has now been admitted and determined to be a pure Ponzi scheme with no legitimate business activity conducted by the Debtors whatsoever (the "Goldberg Scheme"). Mr. Goldberg admitted all of this in his Plea Agreement which was accepted by the District Court (Chatigny, J.) and incorporated in its Judgment and Order of Restitution, ordering Mr. Goldberg to pay restitution to the victims of the Goldberg Scheme in the amount of over $30 million dollars ("Restitution").

2. The Debtors consented to the entry of orders for relief in the Bankruptcy Court on November 24, 2009. The Trustee was elected on January 7, 2010, and began his duties on that date. The Trustee filed a Motion to Retain Applicant on January 14, 2010, and the order authorizing Applicant's retention entered on January 22, 2010, nunc pro tunc to January 7, 2010.

3. The Applicant has not been compensated for any of its work for the past twenty-two (22) months and did not file a fee application during that time.

---

[2] The Status Report contains all of the information regarding Applicant's prior fee awards, the amount of disbursements made during the Bankruptcy Case, the amount of funds on hand and all other accounting information required by the United States Trustee's guidelines, as well as a detailed description of the work performed by Applicant during the Fee Period.

4. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or related to this matter. The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Fed. R. Bankr. P. 2016.

5. The Applicant has rendered valuable professional services to the Trustee during the Fee Period. **Exhibit B** contains the itemized time and expense entries for the Fee Period. Annexed as part of **Exhibit B** is a schedule of the Applicant's billable rates and the total attorney time expended on all matters during the Fee Period. Also annexed as part of **Exhibit B** are invoices generated from the Applicant's daily time records prepared by its attorneys reflecting the work performed and time spent on these matters during the Fee Period by each attorney. Each attorney's billable hours are set forth in increments of tenths of the hour and totaled as to each matter. The matters for which services were performed, (hereinafter the "Sub-matters"), are set forth as Tabs 1 through 7. **Exhibit B** also contains a schedule of Applicant's expenses and other disbursements for which Applicant seeks reimbursement (Tab 7).

6. This Court has jurisdiction to consider this Application pursuant to Sections 157 and 1334 of Title 28 of the United States Code.

7. Venue is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code.

8. This is a core proceeding pursuant to Section 157(b)(2)(A) of the United States Code.

9. The statutory basis for the relief requested herein is §§ 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), Fed. R. Bankr. P. 2016(a) and D. Conn. LBR 2016-1.

## II. SERVICES PERFORMED BY THE APPLICANT DURING THE FEE PERIOD

### A. Collection Efforts Regarding the Largest Adversary Proceeding in the Goldberg Bankruptcy Case

10. During the Fee Period, the Applicant's services have been primarily focused on attempting to collect the final judgment obtained in September 2017 by the Trustee in the adversary proceeding captioned James Berman, Chapter 7 Trustee v. Michael S. Goldberg, LLC et al., Adv. Pro. No. 10-02082 (Bankr. D. Conn.) (the "2082 Adversary Proceeding"), the first and largest of the adversary proceedings brought against participants in and recipients of intentional fraudulent and preferential transfers from the Goldberg Scheme. On May 11, 2015, the Bankruptcy Court entered its Amended Proposed Findings of Facts and Conclusions of Law (the "Proposed Findings") in the 2082 Adversary Proceeding. (2082 Adversary Proceeding, ECF No. 726.) Thereafter, on September 28, 2017, the United States District Court for the District of Connecticut entered a judgment (ECF No. 815) (the "Judgment") in favor of the Trustee in the matter entitled James Berman, Chapter 7 Trustee for Michael S. Goldberg, LLC and Michael S. Goldberg, Case No. 3:15-cv-01682 (AWT). The Judgment entered against: Edward Malley ("E. Malley"): $14,237,720.77; Tracy Malley ("T. Malley"): $1,063,132.50; Edward Malley Revocable Trust: $667,500.00; Laundry Express, LLC: $2,000.00; RCZS, LLC: $139,141.00; Scott LaBonte ("SAL"): $7,241,797.52 (the "SAL Judgment"); SAL Cranston, LLC: $221,000.00; SAL North Haven, LLC: $180,000.00; Devcon Commons, LLC: $4,058.35; and Devcon Manchester, LLC: $13,316.56.[3] The Judgment, including the SAL Judgment, provided

---

[3] The judgments entered against Devcon Commons, LLC and Devcon Manchester, LLC have been satisfied.

for prejudgment interest at the rate of 3.25% from November 12, 2010 through the date of its entry.

11. As discussed in detail in the Status Report, during the Fee Period the Applicant continued to prosecute three separate actions, necessitated by SAL's and his co-conspirators' conduct, to avoid and recover fraudulent transfers made by SAL, and certain entities he dominated and controlled, all with the aid of his family, professionals and a former business partner (collectively the "Putative RICO Defendants"). See Berman, Trustee v. Sally LaBonte, et al., Case No. Civ 3:15-cv-01687 (AWT) (the "Dynasty Trust Action"), commenced on May 30, 2014, as adversary proceeding no. 14-02026,[4] Berman, Trustee v. Landino et al., Adv. Pro. No. 16-02042 (the "Landino Adversary"), commenced in May 2016, and Berman, Trustee v. DEI Property Management, et al., Adv. Pro. No. 17-02029, commenced in June, 2017, (the "DEIPM Adversary" and with the Dynasty Trust Action and the Landino Adversary, the "LaBonte Collection Actions"). The Trustee currently believes, based on information obtained in discovery, that the LaBonte Collection Actions have been rendered worthless as SAL and the Putative RICO Defendants have continued to shield, transfer, and/or dissipate assets otherwise available to satisfy the SAL Judgment as part of their illegal scheme. The LaBonte Collection Actions are presently stayed and have been stayed since January 2019 both to, reduce the amount of additional assets expended on now worthless actions, and to permit the parties to explore settlement in order to avoid further and more significant litigation.

12. As also discussed in detail in the Status Report, the Trustee now believes that commencing an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), is the only avenue left to remedy the harm caused by the illegal acts of the Putative RICO Defendants. As reflected in Tab 6 of Exhibit B, during the Application Period the Applicant

---

[4] The reference was withdrawn and the case transferred to the district court by order dated September 26, 2016.

spent significant time investigating potential avenues to enforce and recover the SAL Judgment aside from the pending LaBonte Collection Actions, including via a RICO action, and most recently engaged in a lengthy mediation process with the Putative RICO Defendants.

13. The Applicant has also pursued Judgment recovery against E. Malley and T. Malley by, among other things, placing liens on their remaining real property; prosecuting foreclosure actions against real properties owned by T. Malley; serving executions and post-judgment discovery on them; and recovering funds previously attached by the Trustee pursuant to prejudgment remedy orders.

14. The Applicant also successfully prosecuted a nondischargeability action against Jon C. Leary, who stipulated to judgment in the amount of $1,189,250.00 in the 2082 Adversary Proceeding shortly before trial began in that case. (See Adv. Pro. No. 15-02039.) The Bankruptcy Court recently issued a decision in the Trustee's favor determining after trial that Mr. Leary's debt to the Trustee is non-dischargeable.

### B. Other Collection Activities

15. Based upon the services provided by the Applicant, the Trustee has also, during the Fee Period, settled or obtained judgment against nearly all of the defendants in the action captioned James Berman, Chapter 7 Trustee v. Carl Pavano et al. Adv. Pro. No. 11-02071 (the "Pavano Adversary"), which included claims against sub-investors of SAL and which had been stayed during the pendency of the 2082 Adversary Proceeding.

16. Applicant has also settled the remaining adversary proceedings against Mr. Goldberg's family members, which represent the last of the Trustee's 200 adversary proceedings not directly related to the 2082 Adversary Proceeding. Additionally, the Applicant pursued, and

continues to pursue, collection of significant default judgments entered against various defendants in certain of the other adversary proceedings.

### III.   RECOVERIES DURING THE FEE PERIOD

17.   As of the filing of this Application, the Trustee will have recovered, since the inception of this Bankruptcy Case, through the Applicant's assistance $19,213,869.82. During the Fee Period the Applicant: (i) recovered a total of $315,017.20, through various efforts, including settlements of remaining adversary proceedings and collection of judgments in the Trustee's favor; (ii) seized a boat from SAL, with a value of approximately $100,000.00, and (iii) settled the Trustee's fraudulent conveyance claims against Richard Polidori, a defendant in the Pavano Adversary, in exchange for, *inter* alia, payment of $88,584.40.[5]

### IV.   COMPENSATION AND EXPENSE REIBURSEMENT REQUESTED

18.   Unfortunately, the recoveries of Applicant during the Fee Period do not reflect the actual value provided to the Estate by the Applicant as the vast majority of the fees were incurred protecting, investigating additional ways to recover on, and attempting to settle the SAL Judgment, which now stands at more than $8.7 million.

19.   Applicant has conferred regularly with the major creditor/victims of the Goldberg Scheme throughout the Fee Period, keeping them apprised and getting their informal approval of all major actions taken by the Applicant on the Trustee's behalf.

20.   In addition, the Applicant has voluntarily discounted its fees in the amount of $41,283.50, including waiving all fees incurred by the Trustee.

21.   **Exhibit B** is divided into Sub-matters (Tabs 1 through 6) which include a summary and then reflect the areas of work performed during the Fee Period. The Applicant seeks total compensation for the Fee Period in the amount of $1,646,930.50. The Applicant

---

[5] A hearing seeking this Court's approval of the settlement with Mr. Polidori is scheduled for July 16, 2019.

7

respectfully submits that the compensation requested for this twenty-two-month Fee Period was incurred as reasonably necessary for the benefit of the Estate and is fair and reasonable. Applicant additionally submits that few, if any, sophisticated law firms would have deferred seeking compensation for such a lengthy period.

22. During the Fee Period, the Applicant incurred out-of-pocket expenses in the amount of $49,945.39. Descriptions of the expenses for which the Applicant seeks reimbursement are set forth in Tab 7 of **Exhibit B**. The Applicant submits that these disbursements were necessary and reasonable in amount.

**WHEREFORE**, Applicant respectfully requests that this court enter an Order: (i) awarding and authorizing the payment of compensation for the period September 1, 2017 through and including June 30, 2019 in the amount of $1,646,930.50 for services rendered by the Applicant as counsel to James Berman, the Chapter 7 Trustee; (ii) approving the reimbursement of expenses incurred and expended during the Fee Period in the amount of $49,945.39; and (iii) granting such other and further relief as this Court deems just and proper.

Dated this 3rd day of July, 2019, at Bridgeport, Connecticut.

        JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE ESTATES OF MICHAEL S. GOLDBERG, L.L.C. AND MICHAEL S. GOLDBERG

By: */s/ John L. Cesaroni*
    Jed Horwitt (ct04778)
    James Moriarty (ct21876)
    John L. Cesaroni (ct29309)
    Zeisler & Zeisler, P.C.
    10 Middle Street, 15th Floor
    Bridgeport, CT 06604
    Tel. 203-368-4234
    Fax 203-367-9678
    Email: jhorwitt@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------X
                                                     :   Chapter 7
In re:                                               :
                                                     :   Substantively Consolidated
MICHAEL S. GOLDBERG, LLC          :   Lead Case No. 09-23370 (JAM)
MICHAEL S. GOLDBERG                  :   Member Case No. 09-23371 (JAM)
                                                     :
        Debtors.                                 :
                                                     :
---------------------------------------------------------X

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 3rd day of July, 2019, the *Seventh Interim Fee Application of Zeisler & Zeisler, P.C., Counsel to James Berman, the Chapter 7 Trustee, Seeking Compensation and Reimbursement of Disbursements for the Period September 1, 2017 through June 30, 2019, Exhibits A and B, and proposed Order* were sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

> JAMES BERMAN, CHAPTER 7 TRUSTEE
>
> By: /s/ John L. Cesaroni
> John L. Cesaroni (ct29309)
> ZEISLER & ZEISLER, P.C.
> 10 Middle Street
> 15th Floor
> Bridgeport, CT  06604
> Tel. 203-368-4234
> Fax 203-367-9678
> Email: jcesaroni@zeislaw.com

9