UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------X
In re:                                              :    Chapter 7
                                                    :
                                                    :    Substantively Consolidated LEAD
MICHAEL S. GOLDBERG, LLC                            :    CASE No. 09-23370 (JAM)
MICHAEL S. GOLDBERG                                 :
                                                    :    RE: ECF No. 1732
          Debtors.                                  :
                                                    :
                                                         -------------------------------------------------------X

**ORDER GRANTING TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. SECTIONS 327 AND 328 TO AMEND ZEISLER & ZEISLER, P.C.'S GENERAL COUNSEL RETENTION TO INCLUDE PROSECUTING A RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ("RICO") CIVIL ACTION AGAINST VARIOUS DEFENDANTS ON A SPECIAL "LESSER OF" CONTINGENCY FEE ARRANGEMENT WITH A POTENTIAL ADDITIONAL SUCCESS FEE WITH ALL SUCH COMPENSATION SUBJECT TO FINAL COURT APPROVAL <u>UNDER 11 U.S.C. 330 NOTWITHSTANDING SECTION 328 (a)</u>**

Upon the Motion (the "Motion") of James Berman, Chapter 7 Trustee (the "Trustee"), in the above-referenced substantively consolidated bankruptcy estate of Michael S. Goldberg and Michael S. Goldberg, L.L.C., pursuant to 11 U.S.C. §§ 327 and 328 to amend the retention of Zeisler & Zeisler, P.C. (the "Applicant"), the Trustee's general counsel, and upon good cause shown and due and after proper notice and a hearing thereon:

IT IS ORDERED THAT:

1. The Motion is GRANTED;

2. The Trustee is hereby authorized to prosecute the RICO Action subject to the following terms and conditions;[1]

---

[1] All capitalized terms herein shall have the same meaning as in the Motion, unless otherwise indicated.

a. The Trustee irrevocably waives any and all compensation in the form of commissions under 11 U.S.C. § 326 on any distributions made in this case except as described in the "Success Fee" below;

b. As directed by the Trustee, Z&Z will zealously prosecute the RICO Action (and potentially related claims) against the Putative RICO Defendants (and any other defendants the Trustee deems culpable) to recover damages under any and all applicable law, including 18 U.S.C. § 1961, *et seq.*;

c. The Trustee will pay the expenses of the RICO Action from the Estate's general fund, subject to the prior approval thereof by this Court. If the Estate does not have sufficient funds to pay for any court-approved expenses of the RICO Action, Z&Z will advance such expenses for the Estate, or make satisfactory arrangements with undisclosed experts, disclosed experts, and/or other professionals and litigation-related administrative creditors retained to assist the Trustee, all disclosed, and subject to the approval of this Court after notice and a hearing at the time of such advances or deferral arrangements;

d. Z&Z will be compensated on a modified contingency fee basis for its prosecution of the RICO Action (and any directly associated) actions at the trial and appellate levels, receiving as compensation for this work one-third (1/3) of the net recovery obtained from such actions, or one and one-half (1½) times Z&Z's normal hourly rates, *whichever is less* (the "Lesser Of Fee Structure") subject to the following potential Success Fee as hereafter defined:

   i. In the event that the Trustee distributes, after appropriate order of this Court, sufficient funds to pay one hundred percent (100%) on allowed

claims, Z&Z shall be entitled to a "Success Fee" as follows: (1) the amount by which thirty-three percent (33%) of the net recovery from the RICO Action exceeds the "Lesser of Fee Structure"; and (2), if there remain funds after the payment in (1) above, the Trustee will be eligible, after notice and a hearing, to receive the maximum allowable commission permissible under 11 U.S.C. § 326 on all distributions made in this case, ***excluding from such commission calculation distributions to Z&Z.*** **Any such payment will be allowed, disallowed or allowed in some different amount as determined by this Court.**

e. If funds remain in the Estate after payment Success Fee, after notice and a hearing, Creditor/Victims will receive a special distribution of interest from the Petition Date on their allowed claims, determined at an appropriate rate set by this Court;

f. The Trustee shall be entitled, from time to time, to seek to pay Z&Z portions of its existing Hold Back up to its full amount of $825,255.46, from funds received from any source into the Estate after thirty (30) days' notice to all parties-in-interest in the form of a filed and served application, and after a hearing on any objections thereto and order of this Court.;

g. Subject to the order of this of this Court after notice and a hearing under 11 U.S. C. Section 327, 328 (but not 328 (a)), 330 and 331, as applicable, any recoveries from the RICO Action shall be distributed as follows, and in the following order:

  i. Any unreimbursed administrative expenses of the RICO Action other than Z&Z expenses, if any, which shall be subordinated to payment of all non-

        Z&Z allowed administrative expenses from other professionals retained in the RICO Action;

    ii. Reimbursement of unreimbursed administrative expenses advanced by Z&Z in connection with the prosecution of the RICO Action, if any;

    iii. Payment of the remainder of the Hold Back, if any;

    iv. Z&Z's professional fees as described above, including any Success Fee;

    v. The remainder to the Estate for distribution to Creditor/Victims or as otherwise ordered by this Court;

h. The Trustee and Z&Z shall not file any Fee Application for the RICO Action contingency fee absent simultaneously filing a motion seeking this Court's approval of a distribution to Creditor/Victims in an amount consistent with this Order.

i. Nothing herein shall affect or alter the terms of Z&Z's retention as general counsel as previously ordered by this Court in connection with all matters not within the ambit of the RICO Action; and,

j. All compensation paid to professionals, including Z&Z shall continue to be subject to notice and a hearing, and order of this Court, as set forth herein and in the Bankruptcy Code.

Dated at Bridgeport, Connecticut this 2nd day of August, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut